## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

HAROLD JONES,

               Plaintiff,

      v.

COUNTY OF SALEM, CHARLES M.
MILLER, RAYMOND C.
SKRADZINSKI, THE STATE OF NEW
JERSEY, STATE TROOPER J.J.
SMITH, ELBERT B JOHNSON,
SALEM COUNTY CORRECTIONAL
FACILITY, et al.,

               Defendants.

Civil No. 15-3093 (NLH/AMD)

**OPINION**

---

**APPEARANCES**:

JOSEPH C. GRASSI
BARRY, CORRADO, GRASSI & GIBSON, P.C.
2700 PACIFIC AVENUE
WILDWOOD, NJ 08260
    On behalf of plaintiff

MICHAEL MORRIS MULLIGAN
317 SHELL ROAD
P.O. BOX 432
CARNEY'S POINT, NJ 08069
    On behalf of Salem County defendants

ALEX JOSEPH ZOWIN
ROBERT P. PREUSS
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
HUGHES JUSTICE COMPLEX
25 MARKET STREET
TRENTON, NJ 08611
    On behalf of State of New Jersey defendants

**HILLMAN, District Judge**

    Presently before the Court is the motion of the State of

New Jersey and New Jersey State Trooper J.J. Smith to dismiss plaintiff's claims against them.  For the reasons expressed below, defendants' motion to dismiss will be granted.

## BACKGROUND

Plaintiff's complaint contains the following facts:

15. Plaintiff has longstanding medical issues which include diabetes and schizophrenia.

16. On June 27, 2013, plaintiff was in the midst of a medical episode when he drove his car until running out of gas.

17. Trooper Smith encountered plaintiff sitting in his vehicle on US Highway 40 East in the area of Milepost 18.6 in Woodstown, New Jersey.

18. Trooper Smith discovered a traffic warrant issued for plaintiff by Vineland City Municipal Court.

19. Trooper Smith called plaintiff's sister who informed him of plaintiff's conditions.

20. Despite knowing plaintiff's special needs, Trooper Smith arrested plaintiff and transported him to Salem County Correctional Facility (SCCF).

21. At SCCF, plaintiff was medically screened by SCCF employee Elbert B. Johnson.

22. The inmate screening form indicates the "subject would not answer any questions."

23. Employees at Salem County Correctional Facility

2

neglected plaintiff's medical needs. The plaintiff was admitted to the Correctional Facility, where Correctional Officers assaulted plaintiff because they misinterpreted his disability as resistance and contempt.

24. On June 29, 2013, after plaintiff was assaulted, he was released from the County Jail, and admitted to Salem Hospital.

25. At Salem Hospital, plaintiff was observed to have an altered mental status in association with elevated blood sugars up to 1000, fractured ribs, and injured toes.
(Amend. Compl. at 4-5.)

Based on these facts, plaintiff has asserted claims against the numerous defendants for violation of his constitutional rights, disability discrimination, negligence, and assault and battery.  The State of New Jersey and New Jersey State Trooper J.J. Smith have moved to dismiss all of plaintiff's claims against them.  Plaintiff concedes that all of his claims against the State defendants should be dismissed, except for his claims for negligence (Count VII) and discrimination under the Americans with Disabilities Act (ADA) and New Jersey Law Against Discrimination (NJLAD) (Counts IX and X).

## DISCUSSION

### A. Subject Matter Jurisdiction

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, as well as pursuant to the New Jersey constitution and New

Jersey state law.  This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.

> **B.    Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

4

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6). First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950). Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1950). A complaint must do more than allege the plaintiff's entitlement to relief. Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly

formulation of the pleading standard can be summed up thus:
'stating . . . a claim requires a complaint with enough factual
matter (taken as true) to suggest' the required element.  This
'does not impose a probability requirement at the pleading
stage,' but instead 'simply calls for enough facts to raise a
reasonable expectation that discovery will reveal evidence of'
the necessary element").  A court need not credit either "bald
assertions" or "legal conclusions" in a complaint when deciding
a motion to dismiss.  In re Burlington Coat Factory Sec. Litig.,
114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the
burden of showing that no claim has been presented.  Hedges v.
U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages,
Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

     A court in reviewing a Rule 12(b)(6) motion must only
consider the facts alleged in the pleadings, the documents
attached thereto as exhibits, and matters of judicial notice.
S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.,
181 F.3d 410, 426 (3d Cir. 1999).  A court may consider,
however, "an undisputedly authentic document that a defendant
attaches as an exhibit to a motion to dismiss if the plaintiff's
claims are based on the document."  Pension Benefit Guar. Corp.
v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.
1993).  If any other matters outside the pleadings are presented
to the court, and the court does not exclude those matters, a

6

Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

### C.  Analysis

Plaintiff claims that Trooper Smith violated his rights under the ADA and NJLAD because he did not recognize the signs of mental illness and a diabetic complication, and he failed to take appropriate steps to have plaintiff evaluated.  Plaintiff also claims that the State of New Jersey is liable under the ADA and NJLAD for failing to train plaintiff in these two areas. Relatedly, plaintiff claims that the State and Trooper Smith violated plaintiff's rights under the NJLAD because they failed to reasonably accommodate plaintiff's disabilities in the course of the investigation and arrest.  Plaintiff claims that these failures also constitute negligence because they breached their duty of care to him.

The State and Trooper Smith have moved to dismiss these claims against them, arguing that the State, and Trooper Smith in his official capacity, are entitled to sovereign immunity as to plaintiff's ADA and NJLAD claims.  These defendants also argue that plaintiff's ADA and NJLAD claims fail to state viable claims against Trooper Smith in his individual capacity, and that the negligence claim is barred by the New Jersey Tort Claims Act (NJTCA).  In response, plaintiff argues that (1) the ADA specifically abrogates the State's sovereign immunity, (2)

he has sufficiently pleaded claims for violations of the ADA and NLJAD, and (3) he complied with the NJTCA for his negligence claim.

Even if the State were not immune from suit under the ADA based on the circumstances of this case,[1] and accepting that plaintiff complied with the NJTCA, plaintiff has failed to meet the Twombly/Iqbal and Rule 8 pleading standards to maintain his discrimination and negligence claims against the State and Trooper Smith.

To prevail on a claim under Title II of the ADA, a plaintiff must prove that (a) he has a disability within the meaning of the ADA, (b) he is otherwise qualified, with or without reasonable accommodations, to receive services, (c) he, by reason of his disability, was denied the benefits of, or excluded from participation in, such services, or was discriminated against by the defendant, and (d) the defendant

---

[1] In order to determine whether a State is immune from suit for a claim based on a violation of Title II of the ADA, a court must engage in a three-step analysis: (1) identify which aspects of the State's alleged conduct violated Title II; (2) identify to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, determine whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.  Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 553 (3d Cir. 2007), amended on reh'g (Mar. 8, 2007) (citing United States v. Georgia, 546 U.S. 151 (2006)).  The Court does not need to perform this analysis at this time.

was a public entity within the meaning of Title II of the ADA.
Starego v. New Jersey State Interscholastic Athletic Ass'n, 970
F. Supp. 2d 303, 309 (D.N.J. 2013).

Under the NJLAD, "[a]ll persons shall have the opportunity
... to obtain all the accommodations, advantages, facilities,
and privileges of any place of public accommodation" without
discrimination on the basis of disability.   N.J.S.A. 10:5-4.   A
place of public accommodation discriminates against the disabled
and is liable under the NJLAD if it fails to reasonably
accommodate the disabled by providing suitable accesses to its
services and facilities.   Lasky v. Moorestown Twp., 2011 WL
4900007, at *4 (D.N.J. Oct. 14, 2011) (citing Franek v. Tomahawk
Lake Resort, 754 A.2d 1237, 1243 (N.J. Super. Ct .App. Div.
2000)).

Plaintiff claims that Trooper Smith did not provide him
with the proper treatment plaintiff was owed due to his status
as a diabetic schizophrenic who was in the "midst of a medical
episode," which caused him to drive his car until he ran out of
gas.  Accepting as true that plaintiff was suffering from an
episode as a result of his schizophrenia and diabetes, and that
Trooper Smith was aware of these conditions, plaintiff's
complaint is completely lacking in any facts that would suggest
that Trooper Smith treated plaintiff differently from any other
person with a valid traffic warrant who ran out of gas on the

9

side of the road.  Plaintiff's complaint is also completely lacking in facts that would suggest that plaintiff required any sort of reasonable accommodation or special services during the course of his arrest and transport to the Salem County Correctional Facility.  Similarly, plaintiff's complaint does not contain any facts to support plaintiff's claim that Trooper Smith breached a general duty of care to plaintiff to support a negligence claim.

Simply because plaintiff suffers from a disability does not instantly transform Trooper Smith's interaction with plaintiff into an ADA or NJLAD violation.  To maintain viable ADA and NJLAD claims, as well as a general duty of care negligence claim, plaintiff must articulate how his disabilities required a special accommodation during his interaction with Trooper Smith, and plaintiff must articulate how Trooper Smith failed to provide those accommodations.[2]

Therefore, all of plaintiff's claims against the State of New Jersey and Trooper Smith must be dismissed.  The dismissal of plaintiff's claims arising under the ADA and NJLAD will be without prejudice to his right to file an amended complaint, if

---

[2] To support a claim, if such a claim were to exist under the ADA and NJLAD, against the State for its failure to train Trooper Smith in how to accommodate a person with disabilities such as plaintiff, plaintiff must also articulate (1) the nature of the proper training, and (2) how Trooper Smith failed to comply with that training.

he can do so consistent with the direction in this Opinion.  See

Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482

F.3d 247, 251 (3d Cir. 2007) (explaining that Third Circuit

precedent "supports the notion that in civil rights cases

district courts must offer amendment--irrespective of whether it

is requested--when dismissing a case for failure to state a

claim unless doing so would be inequitable or futile").

     An appropriate Order will be entered.


Date: __March 15, 2016__        __s/ Noel L. Hillman__
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.